UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SALBADOR ALEJANDRO SALDIVAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-0123-CVE-JFJ |
| ) | |
| DONALD JOHN TRUMP, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On March 18, 2022, plaintiff Salbador Alejandro Saldivar filed a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis excuses only prepayment of the fee, plaintiff remains obligated to pay the full $400 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees").

Plaintiff has filed a pro se complaint using a form provided by the Court Clerk and, in the jurisdictional section of the complaint, he has checked the boxes for diversity and federal question jurisdiction. Plaintiff cites the Privacy Act of 1974, the National Security Act of 1947, the Wiretap Act, and RICO, and he states that he is seeking assistance in "connecting with Jen Psaki or someone of importance like the Attorney General . . . ." Dkt. # 1, at 3-4. Plaintiff's allegations concern the

existence of government agents or spies operating in a casino in Oklahoma, and he claims that he is a whistleblower seeking to raise awareness about the death of a spy employed by the National Security Agency. Dkt. # 1-1. The factual basis for plaintiff's allegations come from a James Bond film and other videos he watched on the Internet. Id. Plaintiff seeks one billion dollars in damages because "violating a citizen's rights is . . . costly." Dkt. # 1, at 4.

Under 28 U.S.C. § 1915(a), a federal district may allow a person to commence a civil action without prepayment of costs or fees and, although the statute references "prisoners," the Tenth Circuit has determined that the requirements of § 1915 apply to all persons seeking to proceed in forma pauperis. Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005). Plaintiff is requesting leave to proceed in forma pauperis and the requirements of § 1915 are applicable to this case. Section 1915(e)(2) requires the district court to dismiss a case if at any time the court determines that "the action . . . (i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted . . . ."

Plaintiff has filed a pro se complaint using a form provided by the Court Clerk and, in the statement of jurisdiction, he has checked the boxes for diversity and federal question jurisdiction. However, plaintiff has alleged no facts suggesting that he is actually alleging a state law claim, and he cites federal statutes as the basis for his claims against defendants. Dkt. # 1, at 3. The Court finds that plaintiff has not alleged a claim arising under state law against defendant. The Court will also consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."  Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).  Plaintiff broadly alleges that his privacy rights are being infringed upon by governmental actors, but he alleges no specific facts in support of his claims.  Dkt. # 1, at 4.  At most, plaintiff has alleged that there is a network of government agents operating out of the Hard Rock Casino in Tulsa, but there are no allegations suggesting that this alleged spy network infringed on plaintiff's privacy in any way.  Dkt. # 1-1.  Even if the Court assumes that all of plaintiff's allegations are true, the federal statutes cited by plaintiff do not provide a provide right of action for litigants to bring suits against private individuals or government officials.  Fedynich v. Inn Between of Longmont, 2018 WL 4345189, *2 (D. Colo. Jan. 9, 2018); DirectTV, Inc. v. Molina, 2004 WL 7337804 (D.N.M. Aug. 31, 2004).  Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** under 28 U.S.C. § 1915 for failure to state a claim upon which relief can be granted. A separate judgment of dismissal is entered herewith.

**DATED** this 3rd day of May, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE